UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUNNY KUMAR,

              Petitioner,

   v.

KRISTI NOEM, et al.,

              Respondents.

No. 2:26-cv-00239-TLF

ORDER GRANTING HABEAS CORPUS AND DIRECTING RELEASE

     Petitioner Sunny Kumar has filed a petition for habeas corpus under 28 U.S.C. § 2241 and requests that the Court grant the following relief: (1) immediately release him from detention; (2) permanently enjoin respondents from redetaining him without first providing written notice and a hearing before re-detention in which respondents bear the burden of showing by clear and convincing evidence that he is a flight risk or danger to the community; (3) enjoin respondents from placing a GPS monitor on petitioner upon release; (4) enter a declaratory judgment stating that redetention while removal proceedings are ongoing without first providing an individualized determination before a neutral decisionmaker violates due process; and (5) award attorney fees and costs. Dkt. 1 at 10-11.

     The Court GRANTS the petition in part, as follows.

ORDER GRANTING HABEAS CORPUS
AND DIRECTING RELEASE - 1

|   |   |
|---|---|
| 1 | Respondents first argue relief should be denied because petitioner is mandatorily |
| 2 | detained under 8 U.S.C. § 1225. Dkt. 5 at 4. Persons detained under § 1225 may only |
| 3 | be released under the agency's parole authority. 8 U.S.C. § 1182(d)(5)(A). Here, |
| 4 | petitioner was released on an "Order of Recognizance ('OREC')." *See* Dkt. 6 |
| 5 | (Deportation Officer Declaration); Dkt. 7-2 (OREC). |
| 6 | Release under an OREC is authorized under 8 U.S.C. § 1226(a)(2)(B); *see also* |
| 7 | *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding |
| 8 | noncitizens released on an OREC must necessarily have been detained and released |
| 9 | under § 1226). Here, the Notice to Appear that respondents issued states, "[y]ou are an |
| 10 | alien present in the United States who had not been admitted or paroled." Dkt. 7-3. |
| 11 | Further, petitioner's OREC states that "[i]n accordance with section 236 of the |
| 12 | Immigration and Nationality Act," (8 U.S.C. § 1226), "you are being released on your |
| 13 | own recognizance" under various conditions. Dkt. 7-2. The record shows § 1226 |
| 14 | governs petitioner's detention, and he is not subject to mandatory detention under § |
| 15 | 1225. |
| 16 | Respondents also allege petitioner admitted at his re-detention that he failed to |
| 17 | obtain permission before moving from Oklahoma to Washington. Dkt. 5 at 2-3 (citing |
| 18 | Dkt. 6 at 3 (Deportation Officer Declaration)); *see also* Dkt. 7-4 (Department of |
| 19 | Homeland Security form recounting petitioner's redetention). |
| 20 | The Court adopts the reasoning of *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, |
| 21 | 1320-24 (W.D. Wash. 2025), and reviews respondents' decisions and actions under the |
| 22 | factors set forth in *Mathews v. Eldridge*: (1) The private interest affected by the official |
| 23 | action; (2) the risk of erroneous deprivation of such interest through the procedures |

ORDER GRANTING HABEAS CORPUS
AND DIRECTING RELEASE - 2

used, and the probable value of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. 424 U.S. 319, 335 (1976). Petitioner's brief discusses the *Mathews* factors, but respondents' brief does not directly or substantively dispute these factors. *See generally* Dkt. 5.

The first *Mathews* factor weighs in petitioner's favor. The Court has held that individuals on release, even when such release is conditional, have a liberty interest in their continued freedom from custody. *E.A. T.-B.*, 795 F. Supp. 3d at 1321-22 ("That the Government exercises discretion in determining whether and which conditions of release to impose does not eliminate the protections afforded to Petitioner's liberty interest."); *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (freedom from restraint is at the core of the liberty protected by the Due Process Clause from arbitrary governmental action); *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) ("the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").

The second *Mathews* factor also weighs in petitioner's favor. Respondents refer to petitioner's alleged failure to give notice or obtain permission before moving from Oklahoma to Washington. *See* Dkt. 5 at 1-3. Yet even if a petitioner's re-detention was solely motivated by violation(s) of his release conditions, "it would not necessarily follow that Petitioner can be detained for those violations without a hearing." *E.A. T.-B.*, 795 F. Supp. 3d at 1322.

Nor does it appear respondents submitted evidence supporting this violation

ORDER GRANTING HABEAS CORPUS
AND DIRECTING RELEASE - 3

beyond their own declaration, Dkt. 6 at 3, and a Department of Homeland Security form recounting the re-detention. Dkt. 7-4. Nor is there any evidence petitioner committed criminal acts after he entered the country. Without more, respondents' offered evidence is tantamount to simply asserting petitioner violated conditions of release. *See E.A.T.-B.*, 795 F. Supp. 3d at 1322 ("That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.").

The third *Mathews* factor also weighs in petitioner's favor; the Court finds respondents' interest in civil detention without a hearing is low. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)) ("'If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.'").

The Court accordingly finds petitioner has a protected liberty interest in his continuing release from custody and all the *Mathews* factors weigh in his favor. The Court also finds a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (quoting *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025)) ("'Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.'"); *see also Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025) ("absent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due

process, particularly where an individual has been released on bond by an IJ."). The Court accordingly finds petitioner should be immediately released. *See E.A. T.-B.*, 795 F. Supp. 3d at 1324.

The parties disagree whether respondents must provide pre-detention notice and a hearing before petitioner can ever again be re-detained. *See generally* Dkt. 1; Dkt. 5. Petitioner's request sweeps too broadly, as petitioner would be subject to mandatory detention if he committed certain crimes.

But respondents are incorrect that this means the Court should dispense with pre-detention notice and a hearing in all circumstances. Dkt. 5 at 6. The specific circumstances of petitioner's re-detention drive what process is due.

The Court finds respondents shall bear the burden to prove by clear and convincing evidence that petitioner is a flight risk or a danger to the community at any subsequent redetention hearing. *See Pinchi v. Noem,* 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (holding petitioner may not be detained unless the government demonstrates at a bond hearing, by clear and convincing evidence, she is a flight risk or a danger to the community and that no conditions other than her detention would prevent such harms.).

Petitioner asks the Court to order his release and to order respondents not to place a GPS monitor "absent clear and convincing evidence that Petitioner is a flight risk or danger a danger to the community and that no other alternatives would mitigate those risks." Dkt. 1 at 10. At this stage, there is no evidence he poses either a flight risk or a danger to the community. Thus, the imposition of GPS monitoring as a condition of release would be impermissibly arbitrary at this point. *See Palacio v. Hermosillo,* No.

C25-1983-RSM-MLP, 2025 WL 4033287, at *3 (W.D. Wash. Dec. 22, 2025), report and recommendation adopted sub nom. *Quiva Palacio v. Wamsley,* No. C25-1983-RSM-MLP, 2026 WL 84930 (W.D. Wash. Jan. 12, 2026). The Court thus finds the arbitrary placement of a GPS monitor, without sufficient evidence of a danger to the community or a flight risk, would violate due process.

Accordingly, the Court ORDERS:

1. Respondents shall immediately release petitioner from immigration detention within 24 hours from the date of this order. Respondents shall file a certification no later than two Court days from the date of this order, confirming that petitioner has been released.

2. Petitioner shall be released without imposition of a GPS monitor. If petitioner is redetained and conditions of release are set, respondents bear the burden by clear and convincing evidence that the monitor is needed because petitioner is a danger to the community or a flight risk.

3. The Court will consider a future motion for attorney fees and costs if said motion is filed by March 11, 2026, and properly noted under Local Rule 7(d)(3).

DATED this 13th day of February, 2026.

Theresa L. Fricke
United States Magistrate Judge